|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LATASHA JACKSON, *et al.*,

        Plaintiffs,

  v.

CITY OF BELLINGHAM, *et al.*,

        Defendants.

CASE NO. 2:25-cv-00400-RSL

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

    This matter comes before the Court on plaintiffs' "Motion for Preliminary Injunction and Declaratory Relief." Dkt. # 23. Plaintiffs challenge the constitutionality of the State of Washington's anti-harassment statute, arguing that the statute allows the issuance of anti-harassment orders based on fraud/perjury and in violation of the target's First Amendment and property rights, lacks necessary due process safeguards, fails to prevent dueling lawsuits in different jurisdictions, triggers criminal charges/warrants for otherwise non-criminal conduct, does not guarantee the effective assistance of counsel in the criminal proceedings, vests too much discretion with the presiding judge, allows retaliation and cruel and unusual punishment, and lacks a meaningful appeal process. Plaintiffs also allege that the City of Bellingham and/or the State of Washington acted without jurisdiction, violated the Equal Protection Clause of the United States Constitution and the Americans with Disabilities Act, and discriminated against Ms. Langworthy based

on her *pro se* status. Plaintiffs seek preliminary injunctive relief in the form of an order quashing the warrants that have been issued to Ms. Langworthy, directing the appointment of counsel for her, and ordering defendants to re-evaluate the criminal charges against Ms. Langworthy and, if appropriate, to proceed to trial.

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This "long-standing public policy against federal court interference with state court proceedings" has two primary sources. *Younger v. Harris*, 401 U.S. 37, 43 (1971). First, courts do not exercise equity jurisdiction "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id*. Second, notions of comity posit that our federal form of government "will fare best if the States and their institutions are left free to perform their separate functions in their separate ways," with the corollary being that "the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Id*. at 44. Thus, where a State initiates prosecution in good faith, the accused must challenge the validity and constitutionality of the relevant law as a defense in the state proceeding. *Id*. at 45-47. A federal court sitting in equity will not intervene unless plaintiff is threatened with an injury other than that which is incidental to a criminal proceeding brought lawfully and in good faith. *Id.* at 47 (quoting *Douglas v. City of Jeannette*, 319 U.S. 157, 164 (1943)). Thus, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Id*. at 45.

Plaintiffs have not shown that any of the statutory exceptions listed in 28 U.S.C. § 2283 applies. Nor have they provided any evidence that the state issued or is enforcing

ORDER DENYING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 2

the anti-harassment orders in bad faith. Because the requested relief is barred by statute and binding Supreme Court precedent, the motion for preliminary injunction is DENIED.

Dated this 4th day of August, 2025.

*MrT S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION - 3