UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LaTASHA JACKSON and GENEVA LANGWORTHY,<br><br>          Plaintiffs,<br>     v.<br><br>CITY OF BELLINGHAM and STATE OF WASHINGTON,<br><br>          Defendants. | CASE NO. 2:25-cv-00400-RSL<br><br>ORDER GRANTING THE CITY OF BELLINGHAM'S MOTION TO DISMISS |

This matter comes before the Court on the "City of Bellingham's Motion to Dismiss." Dkt. 30. The motion is unopposed. Having reviewed the Amended Complaint (Dkt. 9) and the moving papers,[1] the Court finds as follows:

1. Ms. Jackson does not have standing to challenge the constitutionality of the state statute that provides for antiharassment protection orders, RCW 7.105.100(f). Ms. Jackson has never been the subject or beneficiary of an antiharassment protection order and has not personally been injured or threatened by injury as a result of the statute. Ms. Jackson's assertion that she knows people who were the subject of antiharassment protection orders is not an actual or threatened harm that satisfies the standing requirements of Article III.

---

[1] This matter can be resolved on the papers submitted. The City's request for oral argument is therefore DENIED.

ORDER GRANTING THE CITY OF BELLINGHAM'S
MOTION TO DISMISS - 1

2. Ms. Langworthy, who has been the subject of a number of antiharassment protection orders, cannot appeal the application of RCW 7.105.100(f) or seek to vacate the underlying state court judgments in this Court under the *Rooker-Feldman* doctrine. Pursuant to 28 U.S.C. § 1257(a), only the United States Supreme Court can hear an appeal of a state court proceeding, meaning that this Court lacks subject matter jurisdiction to hear any claim for relief that would invalidate or call into question the correctness of a state court judgment.

3. To the extent Ms. Langworthy is alleging that the City of Bellingham violated her constitutional rights in the way it handled and/or enforced the petitions for antiharassment protection orders against her, the claim arises under 42 U.S.C. § 1983. Such claims must be filed within three years of plaintiff knowing or having reason to know of the injury for which she seeks redress. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1058 (9th Cir. 2002).

On August 23, 2021, Ms. Langworthy filed a complaint regarding the allegedly fraudulent and perjurous antiharassment protection order at issue in this case. *Langworthy v. Lev*, 2:21-cv-01149-LK (Dkt. 1-1). She alleged at the time that the City of Bellingham violated her federal and constitutional rights, including her right to effective assistance of counsel and right to reasonable accommodations, in enforcing that order. *Id.* The Amended Complaint in this action reveals that the events underlying the antiharassment protection orders arose in 2019 and 2020, that criminal charges for violating the orders were filed in 2020 and 2021, and that Ms. Langworthy was well through the state appellate process by the end of 2021. Taken together, the complaints show that the federal and constitutional violations of which Ms. Langworthy accuses the City of Bellingham occurred prior to August 23, 2021. At the latest, then, Ms. Langworthy should have filed her § 1983 claim sometime in 2024. Instead, she waited until after the statute of limitations had expired and

ORDER GRANTING THE CITY OF BELLINGHAM'S
MOTION TO DISMISS - 2

joined this action on April 10, 2025. Because her claims against the City of Bellingham are untimely, they must be dismissed under Fed. R. Civ. P. 12(b)(6).

4. Ms. Langworthy's legal issues in Clallam County – which appear to be based on actions occurring after her problems in Whatcom County -- cannot form the basis of a claim against the City of Bellingham.

5. Because there are no viable claims asserted in this litigation, the Court need not address the City's evidence that "LaTasha Jackson" does not exist (or at least has none of the attributes claimed in the original complaint) and is really an undisclosed pseudonym for Geneva Langworthy.

For all of the foregoing reasons, the City of Bellingham's unopposed motion (Dkt. 30) is GRANTED, and plaintiffs' claims against the City are DISMISSED. There being no indication that the allegations could be amended to state a plausible claim for relief against the City, the dismissal is without leave to amend and with prejudice.

Dated this 23rd day of January, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING THE CITY OF BELLINGHAM'S
MOTION TO DISMISS - 3