UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LaTASHA JACKSON and GENEVA LANGWORTHY,<br><br>          Plaintiffs,<br>     v.<br><br>CITY OF BELLINGHAM and STATE OF WASHINGTON,<br><br>          Defendants. | CASE NO. 2:25-cv-00400-RSL<br><br><br>ORDER GRANTING THE STATE OF WASHINGTON'S MOTION TO DISMISS |

This matter comes before the Court on the State of Washington's "Motion to Dismiss." Dkt. 16. Having reviewed the Amended Complaint (Dkt. 9) and the memoranda and exhibit submitted by the parties, the Court finds as follows:

1. Ms. Jackson does not have standing to challenge the constitutionality of the state statute that provides for antiharassment protection orders, RCW 7.105.100(f). Ms. Jackson has never been the subject or beneficiary of an antiharassment protection order and has not personally been injured or threatened by injury as a result of the statute. The fact that Ms. Jackson knows people who were the subject of antiharassment protection orders is not an actual or threatened harm that satisfies the standing requirements of Article III.

2. Ms. Langworthy, who has been the subject of a number of antiharassment protection orders, cannot appeal the application of RCW 7.105.100(f) or seek to vacate the

ORDER GRANTING THE STATE OF WASHINGTON'S
MOTION TO DISMISS - 1

underlying state court judgments in this Court under the *Rooker-Feldman* doctrine. Pursuant to 28 U.S.C. § 1257(a), only the United States Supreme Court can hear an appeal of a state court proceeding, meaning that this Court lacks subject matter jurisdiction to hear any claim for relief that would invalidate or call into question the correctness of a state court judgment.

3. To the extent Ms. Langworthy is challenging the constitutionality of RCW 7.105.100(f), the argument appears to be that the statute, as written, is susceptible to abuse by malevolent claimants and that, as applied in her case, the statute deprived her of her due process and equal protection rights.

a. "[A] facial challenge is a challenge to an entire legislative enactment or provision. *See Foti* [*v. City of Menlo Park*, 146 F.3d 629, 635 (9th Cir. 1998), as amended on denial of reh'g (July 29, 1998)] (explaining that a statute is facially unconstitutional if 'it is unconstitutional in every conceivable application, or it seeks to prohibit such a broad range of protected conduct that it is unconstitutionally overbroad') (internal quotation marks omitted)." *Hoye v. City of Oakland*, 653 F.3d 835, 857 (9th Cir. 2011). Such a challenge is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). The party seeking to invalidate a law as unconstitutional must assess the law's scope, identify which applications of the law are unconstitutional, and measure those applications against the rest. *Moody v. NetChoice, LLC*, 603 U.S. 707, 725 (2024). Plaintiffs allege that the antiharassment protection order statute is susceptible to abuse, but do not argue that all its applications are unconstitutional. The facial challenge therefore fails as a matter of law.

b. With regards to an as-applied challenge to the antiharassment protection order statute, plaintiffs have not alleged that the State of Washington did anything in regards to the various petitions or their initial consideration. Ms. Langworthy alleges that

ORDER GRANTING THE STATE OF WASHINGTON'S
MOTION TO DISMISS - 2

two antiharassment protection orders were entered against her based on fraudulent and perjurous statements and in violation of her right to free speech, that the district court commissioner who heard the petitions was biased against her, and that the City of Bellingham pursued criminal charges for violations of the protection orders. The State of Washington cannot be held liable for the acts of others.

The only allegations against state entities arise in the enforcement context, where Ms. Langworthy alleges that Whatcom (and possibly Clallam) County pursued criminal charges against her for violating the protection orders, that she was not provided effective assistance of counsel at public expense to defend those charges, and that a Skagit County judge failed to read the evidence Ms. Langworthy provided when she appealed an antiharassment protection order. To the extent any Superior Court proceedings are on-going, a federal court will not interfere under *Younger v. Harris*, 401 U.S. 37, 43 (1971). *See* Dkt. 35 (Order Denying Plaintiffs' Motion for Preliminary Injunction). To the extent the Superior Court proceedings have been completed, the *Rooker-Feldman* doctrine prevents this Court from entertaining any claim that would throw into doubt the correctness of the state court judgment or otherwise void a state court order.

4. Finally, any claim for damages arising from alleged constitutional violations (such as the deprivation of effective assistance of counsel in a criminal proceeding) would have to be brought under 42 U.S.C. § 1983, which does not apply to the State or its officials acting in their official capacities. U.S. Const. amend. XI; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the State has Eleventh Amendment immunity from damages actions in federal court and there is no indication that the immunity has been waived, plaintiffs have failed to assert a plausible claim for relief against the State of Washington.

ORDER GRANTING THE STATE OF WASHINGTON'S
MOTION TO DISMISS - 3

For all of the foregoing reasons, the State of Washington's motion (Dkt. 16) is GRANTED, and plaintiffs' claims against the State are DISMISSED. There being no indication that the allegations could be amended to state a plausible claim for relief against the State, the dismissal is without leave to amend and with prejudice.

Dated this 23rd day of January, 2026.

Robert S. Lasnik
United States District Judge

ORDER GRANTING THE STATE OF WASHINGTON'S
MOTION TO DISMISS - 4