UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LATASHA JACKSON et al.,

                Plaintiffs,

     v.

CITY OF BELLINGHAM et al.,

                Defendants.

CASE NO. 2:25-cv-00400-RSL

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 41)

This matter comes before the Court on the Honorable District Judge Robert Lasnik's denial (Dkt. No. 45) of Plaintiffs' motion for recusal (Dkt. No. 41).  Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge."  Accordingly, this Court now reviews Judge Lasnik's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 41) - 1

bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992).

Plaintiffs question Judge Lasnik's impartiality and seek his recusal based on their assertion that Judge Lasnik is a "political operative" who has "personally gerrymandered the State of Washington[.]"  (Dkt. No. 41 at 1.)  Plaintiffs seek "a change of venue to a constitutional district court in a Republican state."  (*Id.*)  As Judge Lasnik notes, there is no mechanism for transferring this case to another district as Plaintiffs suggest, and Plaintiffs' assertion regarding gerrymandering, an apparent reference to Judge Lasnik's rulings in prior cases, has no bearing on his impartiality in this case.  Moreover, Plaintiffs identify nothing in Judge Lasnik's orders that would lead a reasonable person to question his impartiality.

Accordingly, the Court AFFIRMS Judge Lasnik's denial (Dkt. No. 45) of Plaintiffs' motion for recusal (Dkt. No. 41.)

Dated this 16th day of March, 2026.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 41) - 2